UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> v. : <br> : <br> (1) ONE 37.5 FOOT BAJA SPORT : <br> CRUISER MOTORBOAT, ID NO. : <br> AGCB5523J889, NAMED "MADE YA : <br> LOOK," WITH ALL APPURTENANCES : <br> AND ATTACHMENTS THEREON,et al. : <br> : <br> [CLAIMANTS: DEBBIE C. KERPEN, : <br> A/K/A DEBORAH KERPEN, : <br> KAY F. ANDREWS, WILLIAM : <br> NATION, ROBERT C. KERPEN, JR., : <br> CHRISTOPHER AND/OR LISA : <br> PFEFFER, AND FORD MOTOR : <br> CREDIT COMPANY] : | Civil No. 3:01CV02090 (PCD) <br><br><br><br><br><br><br><br><br> March 8, 2004 |

DECLARATION IN SUPPORT OF REQUEST TO ENTER DEFAULTS AGAINST
<u>ROBERT C. KERPEN, CHRISTOPHER AND/OR LISA PFEFFER, AND DEBBIE C. KERPEN</u>

1. I am an Assistant United States Attorney and represent the Plaintiff, United States of America ("United States"), in this action.

2. On November 8, 2001, the United States filed a Verified Complaint of Forfeiture seeking the forfeiture of twenty defendant assets, consisting of a motorboat, a Ford Expedition, a horse trailer, a John Deere tractor, and sixteen items of currency ("Defendants 1- 20"). The Complaint alleged that Defendants 1-20 were involved in transactions or attempted transaction in violation of of 18 U.S.C. § 1956, or represent property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952, or constitute property derived from proceeds traceable to an offense constituting "specified

unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), namely racketeering in violation of 18 U.S.C. § 1952, or conspiracy to commit such offense, and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

3. Also on November 8, 2001, this Court issued Warrants of Arrest In Rem with respect to all twenty defendant assets. Each of the twenty warrants stated that all persons claiming an interest in the defendant asset were required to file claims with the Clerk of the Court within thirty days (30) of either the execution of the Warrants of Arrest In Rem, publication of the legal notice, or actual notice of this action, whichever occurred first. Each warrant also stated that potential claimants were required to serve and file their answers with the Clerk of the Court within twenty days of filing their claims.

4. On or about November 13, 2001, written notice of this civil forfeiture action was mailed to, among others, Debbie C. Kerpen (through counsel William Bloss, Esq.); Robert Kerpen; and Christopher and/or Lisa Pfeffer. Each notice contained the Verified Complaint of Forfeiture and the 20 Warrants of Arrest In Rem, and invited the recipient to complete and return a written waiver of formal service of those documents.

5. On November 20, 2001, the Internal Revenue Service Criminal Investigation Division executed all the Warrants of Arrest In Rem upon Defendants 1-20. Notice of this civil forfeiture action was then published in the New Haven Register newspaper on November 20 and 27, and on December 4, 2001.

6. On December 3, 2001, Christopher Pfeffer executed the waiver of service of process for the Verified Complaint of Forfeiture and 20 Warrants of Arrest In Rem, and caused the same to be mailed to plaintiff United States.[1] A copy of this waiver is attached as Exhibit A.

7. On December 5, 2001, Robert Kerpen executed the waiver of service of process for the Verified Complaint of Forfeiture and 20 Warrants of Arrest In Rem, and caused the same to be mailed to plaintiff United States. A copy of this waiver is attached as Exhibit B.

8. On December 26, 2001, William M. Bloss, attorney for Debbie C. Kerpen, executed the waiver of service of process for the Verified Complaint of Forfeiture and 20 Warrants of Arrest In Rem, and caused the same to be mailed to plaintiff United States. A copy of this waiver is attached as Exhibit C.

9. Robert Kerpen, Christopher and/or Lisa Pfeffer, and Debbie C. Kerpen have all failed to file both a claim and an answer in the more than two years since they received and waived formal service of the Verified Complaint of Forfeiture and 20 Warrants of Arrest In Rem. Each of these potential claimants has therefore failed to file a claim of interest or an answer within the time permitted by Rule C(6) of Supplemental Rules for Certain Admiralty and Maritime Claims.[2]

---

[1] In the administrative forfeiture proceeding that was initiated prior to the commencement of this civil action, Christopher Pfeffer had attested and signed an administrative claim for storage fees for the Baja motorboat, on behalf of himself "and/or" Lisa Pfeffer; this document listed the same address for the two individuals.

[2] Supplemental Admiralty and Maritime Rule (C)(6)(a)(i)(A) requires a potential claimant to file a claim, also known as the verified statement of interest, within 30 days after the earlier of the date of service of the Complaint, or completed publication of notice. Rule (C)(6)(a)(iii) requires any such claimant thereafter to file an answer to the Complaint within 20 days of filing the statement of interest.

10. Where a putative claimant fails to timely file either a claim or answer in a civil forfeiture proceeding, a default will lie, even if a claim was previously filed in an administrative forfeiture proceeding concerning the same property. See United States v. $1,437.00 in U.S. Currency, 242 F. Supp. 2d 193 (W.D.N.Y. 2002) (granting default where putative claimant filed claim in administrative forfeiture proceeding and filed answer in civil judicial forfeiture, but failed to file any verified claim in the latter action); United States v. One 1990 Mercedes Benz 300CE, 926 F. Supp. 1 (D.D.C. 1996) (striking late-filed answer in civil judicial forfeiture, and holding that "a claim submitted during the course of the administrative forfeiture proceedings does not satisfy the verified claim obligation of Rule C(6)"); United States v. $88,260.00 in U.S. Currency, 925 F. Supp. 838 (D.D.C. 1996) (same, reasoning "the fact that claimant considers the verified claim requirement redundant, does not excuse her noncompliance with the applicable rules").

11. On February 25, 2004, pursuant to a written plea agreement, Debbie C. Kerpen entered a plea of guilty to the criminal conduct underlying the forfeiture allegations against Defendants 1-20, and agreed "to waive all interests in . . . each of [Defendants 1-20] in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal." A copy of that written plea agreement is attached to this Declaration as Exhibit D.

12. As set forth in the accompanying Affidavit of Jaime Swift, neither Robert Kerpen, Christopher and/or Lisa Pfeffer, nor Debbie C. Kerpen is serving in any branch of the United States Military at this time.

13. Declarant knows of no reason why default judgments against Robert Kerpen, Christopher and/or Lisa Pfeffer, and Debbie C. Kerpen with respect to Defendants 1 - 20 should not now be entered pursuant to Fed. R. Civ. P. 55.[3]

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New Haven, Connecticut on this ___ day of March, 2004.

                                                HENRY K. KOPEL
                                              ASSISTANT U.S. ATTORNEY

---

[3] The United States is not presently seeking default judgments against the other three putative claimants, for the following reasons. Ford Motor Co. has produced documentation of its lien on the defendant Ford Expedition, and the United States is persuaded that Ford Motor Co. has a valid claim, with just the correct amount to be determined. As for William Nation and Kay Andrews, the United States mailed each of them copies of the Complaint and the 20 Warrants of Arrest In Rem in November of 2001, but they never returned waivers of formal service. Lacking documentation of service upon them, the United States is now causing William Nation and Kay Andrews to be formally served.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Declaration in Support of Request to Enter Defaults Against Robert Kerpen, Christopher and/or Lisa Pfeffer, and Debbie C. Kerpen has been mailed, postage prepaid, this 5th day of March, 2004, to:

Robert Kerpen
P.O. Box 263
North Haven, CT 06473

Christopher and/or Lisa Pfeffer
1250 Dunbar Hill Road
Hamden, CT 06514

William M. Bloss, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange St
New Haven, CT 06503-0001

James J. Tancredi
Ford Motor Credit Company
9009 Carothers Parkway
Mail Drop 600
Franklin, TN 37067

William Nation
403 Oak Ridge Drive
Mt. Washington, KY 40047

Kay Andrews
280-29 Zoar Road
Charlemont, MA 01367

HENRY K. KOPEL
ASSISTANT U.S. ATTORNEY