# Exhibit A:
# Christopher Pfeffer's Waiver of Service

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Christopher Pfeffer
1250 Dunbar Hill Road
Hamden, Connecticut
            06514

UNITED STATES OF AMERICA

v.

37.5 FOOT BAJA SPORT CRUISER MOTORBOAT,
ID NO. AGCB5523J889, ET AL.
Civil No. 3:01CV2090 (JCH)

## *WAIVER OF SERVICE OF PROCESS*

I acknowledge receipt of your request that I waive service of a Verified Complaint of Forfeiture in the above-captioned case in the United States District Court for the District of Connecticut.  I have also received a copy of twenty (20) Warrants of Arrest In Rem, two copies of this waiver of service of process form, and a return envelope, postage prepaid.

I agree to save the cost of service of process of the above-described documents in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the process or in the service of the process.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a claim is not served upon you within ten (10) days, and answer within twenty (20) days.

I declare under penalty of perjury that if I am being served in my individual capacity, I am not in the military service of the United States and I am a competent person of suitable age to receive legal papers.

11-3-2001
Date

Signature

Christopher Pfeffer
Printed/Typed Name

Claimant: Christopher Pfeffer
Relationship to Entity/Authority to Receive Service of Process

### *Duty to Avoid Unnecessary Costs of Service of Summons*

*Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.*

*It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.*

*A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.*

# Exhibit B:
# Robert C. Kerpen's Waiver of Service

ITED STATES DISTRICT COUR
DISTRICT OF CONNECTICUT

obert C. Kerpen, Jr.
135 Warner Road
East Haven, CT  06473

UNITED STATES OF AMERICA

v.

37.5 FOOT BAJA SPORT CRUISER MOTORBOAT,
ID NO. AGCB5523J889, ET AL.
Civil No. 3:01CV2090 (JCH)

## *WAIVER OF SERVICE OF PROCESS*

I acknowledge receipt of your request that I waive service of a Verified Complaint of Forfeiture in the above-captioned case in the United States District Court for the District of Connecticut.  I have also received a copy of twenty (20) Warrants of Arrest In Rem, two copies of this waiver of service of process form, and a return envelope, postage prepaid.

I agree to save the cost of service of process  of the above-described documents in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the process or in the service of the process.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a claim is not served upon you within ten (10) days, and answer within twenty (20) days.

I declare under penalty of perjury that if I am being served in my individual capacity, I am not in the military service of the United States and I am a competent person of suitable age to receive legal papers.

_____12/5/01_____
Date

_____
Signature

_____ROBERT KERPEN_____
Printed/Typed Name

_Claimant Robert C. Kerpen, Jr._
Relationship to Entity/Authority to Receive Service of Process

### *Duty to Avoid Unnecessary Costs of Service of Summons*

*Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the  cost of such service unless good cause be shown for its failure to sign and return the waiver.*

*It is not good cause for a failure to waive service that a party believes that the complaint is unfounded,  or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or  to the place where the action has been brought.*

*A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.*

# <u>Exhibit C</u>:
# William Bloss for
# Debbie C. Kerpen's Waiver of Service

UNITED STATES DISTRICT COUR.
DISTRICT OF CONNECTICUT

TO:  William Bloss, Esq.
     Jacobs, Grudberg, Belt & Dow
     350 Orange Street
     P.O. Box 606
     New Haven, CT  06503

UNITED STATES OF AMERICA

v.

37.5 FOOT BAJA SPORT CRUISER MOTORBOAT,
ID NO. AGCB5523J889, ET AL.
Civil No. 3:01CV2090 (JCH)

## WAIVER OF SERVICE OF PROCESS

I acknowledge receipt of your request that I waive service of a Verified Complaint of Forfeiture in the above-captioned case in the United States District Court for the District of Connecticut.  I have also received a copy of twenty (20) Warrants of Arrest In Rem, two copies of this waiver of service of process form, and a return envelope, postage prepaid.

I agree to save the cost of service of process of the above-described documents in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the process or in the service of the process.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a claim is not served upon you within ten (10) days, and answer within twenty (20) days.

I declare under penalty of perjury that if I am being served in my individual capacity, I am not in the military service of the United States and I am a competent person of suitable age to receive legal papers.

_12/26/01_____
Date

_____
Signature

_____
Printed/Typed Name     William M. Bloss, Esq.

_Attorney for Claimant Debbie C. Kerpen_____
Relationship to Entity/Authority to Receive Service of Process

### Duty to Avoid Unnecessary Costs of Service of Summons

*Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.*

*It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.*

*A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.*

# **Exhibit D:**
# **Debbie C. Kerpen's 2/25/04**
# **Written Plea Agreement**





United States District Court
District of Connecticut
FILED AT    BRIDGEPORT

February 25, 2004

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, Connecticut  06510

(203) 821-3700
Fax (203) 773-5376
www.usdoj.gov/usao/ct

February 25, 2004

William Bloss, Esquire
Jacobs, Grudberg, Belt & Dow
350 Orange Street
New Haven, CT 06511

> Re:    United States v. Deborah Kerpen
>         Criminal No. 3:02CR230(SRU)

Dear Mr. Bloss:

This letter confirms the plea agreement entered into between your client, Deb Kerpen, (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

The Plea and Offenses

The defendant agrees to plead guilty to Counts 1 and 41 of the Indictment.  Count 1 charges her with conspiracy to violate 18 U.S.C. § 1952 (a)(3) (using interstate facility to carry on a prostitution enterprise), in violation of Title 18 U.S.C. § 371.  Count 41 charges her with money laundering, in violation of Title 18 U.S.C. § 1956(a)(1)(A)(i).

The defendant understands that to be guilty of Count 1, the following essential elements of the offense of conspiracy must be satisfied:

1.    There was an agreement or understanding among two or more people to commit an offense against the United States, to wit, 18 U.S.C. § 1952(a)(3), the elements of which are as follows:

    (a)    The defendant or a co-conspirator used or caused someone else to use an interstate facility;

    (b)    This use of an interstate facility was done with the intent to promote, manage, establish, or carry on an unlawful activity, namely, Promoting Prostitution in the Second Degree, in violation of C.G.S. § 53a-87(a)(1); and

*William Bloss, Esquire*
*Page 2*

*February 25, 2004*

> (c)    After this use of an interstate facility, the defendant or a co-conspirator performed or attempted to perform an act in furtherance of this same unlawful activity;

> 2.    At some time during the existence of the conspiracy the defendant knew the purpose of the conspiracy, and then deliberately joined in that agreement;

> 3.    At some time during the existence of the conspiracy one of its members knowingly performed one of the overt acts charged in the Indictment in order to further or advance the purpose of the conspiracy.

The defendant understands that to be guilty of Count 41, the following essential elements of the offense must be satisfied:

> 1.    The defendant conducted or attempted to conduct a financial transaction involving property constituting the proceeds of specified unlawful activity, namely, using an interstate facility to promote, manage, carry on, and establish a prostitution enterprise, in violation of the laws of the State of Connecticut;

> 2.    The defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

> 3.    The defendant acted with the intent to promote the carrying on of specified unlawful activity.

<u>The Penalties</u>

Count 1, which charges the defendant with conspiracy, carries a maximum penalty of five years' imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should she violate any condition of the supervised release during its term, she may be required to serve a further term of imprisonment of up to two years with no credit for the time already spent on supervised release. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

Count 41, which charges the defendant with money laundering, carries a maximum penalty of 20 years' imprisonment and a $500,000 fine or twice the value of the property

involved in the transaction, whichever is greater. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should she violate any condition of the supervised release during its term, she may be required to serve a further term of imprisonment of up to two years with no credit for the time already spent on supervised release.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h) and (i) and § 3612(g).

## Forfeiture

The defendant agrees to forfeit all interests in the money laundering-related assets that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, which assets are traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of her offense. These money laundering-related assets include the five real properties enumerated in Count 45 of the Indictment as well as the personal properties that are identified specifically on Attachment A, which is annexed to and made part of this plea agreement.

The defendant warrants that she is or was the sole owner of the five real properties enumerated in Count 45 of the Indictment and of all the property listed on Attachment A, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement. The defendant specifically stipulates that, to the best of her knowledge, Robert Kerpen has no valid basis for claiming a $300,000 lien upon the property known as 131 and 135 Warner Road, East Haven, Connecticut, and that Robert Kerpen has no valid basis for any other alleged interest in, lien upon, or claim with respect to that property. The defendant makes no representations or claims as to Robert Kerpen's alleged interest in, lien upon, or claim with respect to that property arising out of his marriage to the defendant.

The defendant further agrees to waive all interests in the five real properties enumerated in Count 45 of the Indictment and in each of the assets described in Attachment A in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for all such assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the

forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time her guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture, and/or as proceeds of illegal conduct.

The defendant understands and agrees that by virtue of her plea of guilty she waives any rights or cause of action to claim that she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

<u>Sentencing Guidelines</u>

    1.    <u>Applicability</u>

The defendant understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guideline application is other than she anticipated.

    2.    <u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by three levels the defendant's Adjusted Offense Level under section §3E1.1 of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding her commission of the offense, of her criminal history, and of her financial condition. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

*William Bloss, Esquire*
*Page 5*

*February 25, 2004*

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. The defendant expressly understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

###### 3. Stipulation of Offense Conduct

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a Stipulation of Offense Conduct, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

###### 4. Guideline Stipulation

The Government and the defendant stipulate the defendant's applicable Sentencing Guidelines to be at a range of 24 to 30 months' imprisonment and a fine range of $4,000 to $40,000, based on the Sentencing Guidelines in effect on November 1, 2001. With respect to Count 1, the base offense level under U.S.S.G. §§ 2E1.2(a)(2), 2G1.1(a), and 2X1.1(a) is 14. Four levels are added under U.S.S.G. § 3B1.1(a) because the defendant was an organizer or leader and the criminal activity involved five or more participants. With respect to Count 41, the base offense level under U.S.S.G. §§ 2S1.1, 2E1.2(a)(2), and 2G1.1(a) is 14. Two levels are added under U.S.S.G. § 2S1.1(b)(2)(B), because the defendant was convicted under 18 U.S.C. § 1956. Counts 1 and 41 are grouped, pursuant to U.S.S.G. § 2S1.1 (Application Note 6) and U.S.S.G. § 3D1.2(c). The combined offense level, calculated under U.S.S.G. § 3D1.3(a), is 18. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 15. A total offense level 15 with a Criminal History Category III, which the parties calculate the defendant to be, results in a range of 24 to 30 months' imprisonment (sentencing table) and a fine range of $4,000 to $40,000. The defendant reserves the right to move for a one-level downward departure on the grounds that Criminal History Category III overstates the defendant's actual criminal history. The Government will not take a position on such motion, but reserves the right to present relevant facts to the Court. The Government agrees not to oppose the defendant's request for a sentence of imprisonment at the low end of the applicable Guidelines range. The defendant also reserves the right to move for a downward departure with respect to the imposition of a fine, in view of the value of the assets

described on Attachment A, the forfeiture of which the defendant agrees not to oppose criminally, civilly, or administratively. The Government will not take a position on such motion.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant also understands that the parties' calculation of her Criminal History Category is subject to final determination by the Court. The defendant further expressly understands that she will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

5.    Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances she is entitled to appeal her conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 30 months, even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that she is waiving her appellate rights knowingly and intelligently.

6.    Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

Waiver of Rights

1.    Waiver of Trial Rights and Consequences of Plea

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

*William Bloss, Esquire*
*Page 7*

*February 25, 2004*

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate herself, and the right to compulsory process for the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

2.    <u>Waiver of Statute of Limitations</u>

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Acknowledgment of Guilt; Voluntariness of Plea</u>

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

*William Bloss, Esquire*
*Page 8*

*February 25, 2004*

### The Defendant is Not a Prevailing Party

The defendant expressly acknowledges that she is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights she may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

### Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

### Collateral Consequences

The defendant further understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that the Government reserves the right to notify any state or federal agency by whom she is licensed, or with whom she does business, of the fact of her conviction.

### Satisfaction of Federal Criminal Liability; Breach

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in the activities described in the Indictment. After sentencing, the Government will move to dismiss Counts 2 through 40 and 42 through 44 of the Indictment as against the defendant.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw her plea of guilty.

*William Bloss, Esquire*
*Page 9*

*February 25, 2004*

No Other Promises

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JOHN A. MARRELLA
ASSISTANT U.S. ATTORNEY

The defendant, Deb Kerpen, certifies that she has read this plea agreement letter or has had it read or translated to her, that she has had enough time to discuss it with her attorney, that her attorney has answered any questions she had about it, and that she fully understands and accepts its terms.

Date:   February 24, 2004

DEB KERPEN
The Defendant

I have read and explained the foregoing plea agreement to my client, who advises me that she understands and accepts its terms.

Date:   February 25, 2004

WILLIAM BLOSS, ESQ.
Attorney for the Defendant

## ATTACHMENT A

1.     one 37.5 Foot Baja Sport Cruiser Motorboat, Identification No. AGCB5523J889, named "Made Ya Look".

2.     one 2000 Ford Expedition, VIN 1FMPU18L3YLB96416.

3.     one 2000 Hart Two-Horse Trailer, Serial No. 1H9EH1429Y1051589.

4.     one 4x4 John Deere Tractor, Model 870, Serial No. M00870B170995, with Bucket, Serial No. W00440X18074.

5.     $3,972.46 seized from account number 234-146246, held in the name of Deborah and Robert Kerpen, at A.G. Edwards & Sons.

6.     $2,287.98 seized from account number 234-146408, held in the name of Robert Kerpen, at A.G. Edwards & Sons.

7.     $4,171.23 seized from account number 234-147803, held in the name of Kay F. Andrews, at A.G. Edwards & Sons.

8.     $11,357.63 seized from account number 234-185330, held in the name of Debbie Kerpen, at A.G. Edwards & Sons.

9.     $3,781.84 seized from account number 1030004443687, held in the name of Debbie Kerpen, at First Union Bank.

10.     $15,178.35 seized from account number 2000002721262, held in the name of Debs, Inc., at First Union Bank.

11.     $15,362.38 seized from account number 2000002720755, held in the name of Deb's Payroll, at First Union Bank.

12.     $321.48 seized from account number 2000002720768, held in the name of Diamond D Ranch, at First Union Bank.

13.     $20,839.25 seized from account number 815-64770, held in the name of Deb's, Inc. at Fleet Bank, formerly BankBoston.

14.     $1,696.23 seized from account number 814-87945, held in the name of Deb's Payroll, at Fleet Bank, formerly BankBoston.

15.     $4,724.49 seized from account number 885-38864, held in the name of Deborah and Robert Kerpen, at Fleet Bank, formerly BankBoston.

16.   $4,758.13 seized from account number 815-68427, held in the name of Diamond D Ranch, at Fleet Bank, formerly BankBoston.

17.   $1,086.20 seized from account number 542-53155, held in the Name of Deb's, Inc., d/b/a the Lady Can Clean, at Fleet Bank, formerly BankBoston.

18.   $1,188.95 seized from account number 542-53168, held in the Name of Deb's, Inc., d/b/a Bonnie's Pet Inn, at Fleet Bank, formerly BankBoston.

19.   $2,149.34 seized from account number 2000002720755, held in the name of Deb's Payroll at First Union Bank.

20.   $2,567.51 seized from account number 2000002721262, held in the name of Deb's, Inc. at First Union Bank.

United States District Court
District of Connecticut
FILED AT          BRIDGEPORT

February 25 , 2004

a. Mont

## STIPULATION OF OFFENSE CONDUCT

The United States of America and the defendant, Deb Kerpen, hereby stipulate and agree that:

1.      From in or about 1994 and continuously thereafter through on or about March 8, 2002, in the District of Connecticut and elsewhere, DEB KERPEN did knowingly combine, conspire and confederate with others to commit the following offense against the United States:

To use or willfully cause to be used the mail and interstate telephone communication facilities in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, namely a business enterprise involving prostitution offenses, in violation of the laws of the State of Connecticut, C.G.S. §§ 53a-82 and 53a-87(a)(1), which were in force and effect at all times mentioned in this indictment, and thereafter to perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, all in violation of Title 18, United States Code, Section 1952 (a)(3) and Title 18 United States Code, Section 371.

2.      In furtherance of the conspiracy, and to effect the objects and purposes thereof, the defendant and her co-conspirators performed one or more overt acts in the State of Connecticut, including the overt acts identified in Count 1 of the Indictment.

3.      On or about the dates set forth below, within the District of Connecticut, and elsewhere, and corresponding specifically to the referenced counts, the defendant, aided and abetted by other conspirators, did knowingly use or cause to be used facilities in interstate commerce, namely, a credit card terminal and the interstate telephone network, by transmitting or causing to be transmitted, from the State of Connecticut to the States of New York, Tennessee,

and Arizona, customers' credit card charges in payment for acts of prostitution, in the amounts

set forth below, with intent to promote, manage, establish, and carry on, and to facilitate the

promotion, management, establishment, and carrying on of an unlawful activity, said unlawful

activity being a business enterprise involving prostitution, in violation of the laws of the State of

Connecticut, namely C.G.S. § 53a-87(a)(1). Thereafter, the defendant did perform and attempt to

perform acts to promote, manage, establish, and carry on, and to facilitate the promotion,

management, establishment, and carrying on of said unlawful activity:

| COUNT | DATE | AMOUNT PAID |
|:-----:|:----:|:-----------:|
| 2 | 12/7/97 | $260.00 |
| 3 | 12/27/97 | $420.00 |
| 4 | 1/9/98 | $160.00 |
| 5 | 3/21/98 | $260.00 |
| 6 | 5/30/99 | $260.00 |
| 7 | 7/29/99 | $260.00 |
| 8 | 8/6/99 | $259.99 |
| 9 | 10/21/99 | $259.99 |
| 10 | 6/14/00 | $285.00 |
| 11 | 6/14/00 | $285.00 |
| 12 | 6/21/00 | $285.00 |
| 13 | 6/22/00 | $285.00 |
| 14 | 6/23/00 | $285.00 |
| 15 | 6/23/00 | $285.00 |
| 16 | 6/25/00 | $285.00 |
| 17 | 6/26/00 | $285.00 |
| 18 | 6/27/00 | $285.00 |

| COUNT | DATE | AMOUNT PAID |
|-------|------|-------------|
| 19 | 6/27/00 | $285.00 |

4.    On or about June 22, 2000, within the District of Connecticut, the defendant did knowingly use or cause to be used the mail with intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of the laws of the State of Connecticut, namely C.G.S. § 53a-87(a)(1). Thereafter, the defendant did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

5.    On or about the dates set forth below, in the District of Connecticut and elsewhere, and corresponding specifically to the referenced counts, the defendant did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, as set forth below, which involved the proceeds of a specified unlawful activity, that is, promotion of unlawful activity through the use of the mails or any facility in interstate commerce, in violation of Title 18, United States Code, § 1952(a)(3),  with the intent to promote the carrying on of a specified unlawful activity, to wit, the use of interstate wire facilities to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful business enterprise, in violation of Title 18, United States Code, § 1952(a)(3), and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions, that is funds in the amounts set forth below, represented the proceeds of some form of unlawful activity.

- 3 -

| COUNT | DATE | AMOUNT | CHECK NUMBER |
|---|---|---|---|
| 21 | 9/15/97 | $1,650.00 | 2086 |
| 22 | 3/16/98 | $1,650.00 | 2621 |
| 23 | 7/15/98 | $1,650.00 | 2868 |
| 24 | 10/12/98 | $1,650.00 | 2884 |
| 25 | 4/15/99 | $1,650.00 | 5049 |
| 26 | 10/8/99 | $1,650.00 | 5177 |
| 27 | 4/27/00 | $1,650.00 | 5336 |
| 28 | 9/26/00 | $1,200.00 | 10040 |
| 29 | 10/30/97 | $935.00 | 2186 |
| 30 | 1/21/98 | $490.00 | 2332 |
| 31 | 1/5/99 | $585.75 | 1225 |
| 32 | 1/19/98 | $610.00 | 2343 |
| 33 | 6/10/98 | $560.93 | 1057 |
| 34 | 5/25/99 | $875.00 | 3151 |
| 35 | 7/13/98 | $540.00 | 2850 |
| 36 | 5/20/98 | $1,685.00 | 2752 |
| 37 | 10/14/98 | $1,855.00 | 2891 |
| 38 | 9/9/99 | $1,735.00 | 5148 |
| 39 | 6/24/98 | $5,525.31 | 2837 |
| 40 | 1/05/99 | $7,697.23 | 5001 |
| 41 | 3/02/99 | $10,241.29 | 5028 |
| 42 | 4/03/99 | $8,016.28 | 5044 |
| 43 | 8/18/99 | $6,113.06 | 5123 |
| 44 | 9/02/99 | $7,815.76 | 5145 |

6.    This stipulation is incorporated into the preceding plea agreement between the defendant and the United States Attorney's Office for the District of Connecticut. It is understood, however, that the defendant and the United States reserve their right to present additional relevant offense conduct to the Court in connection with sentencing.


KEVIN J. O'CONNOR
United States Attorney


JOHN A. MARRELLA                                    Date:    February 25, 2004
Assistant United States Attorney


DEB KERPEN                                          Date:    February 2, 2004
The Defendant


WILLIAM BLOSS, ESQUIRE                              Date:    February 25, 2004
Attorney for the Defendant


- 5 -