To Judge Underhill
Dear Sir.
                   Wm. H.
My Name is Bill Nation and I have been somewhat involved in the case #3:02CR230(SRU), as I had purchased a tractor from Mrs Kerpen. During the time she was getting sentenced I talked David Sullivan Ass. U.S. Attorney & Bill Bloss, Deb's counsel a couple of times. Even though I had a bill of sale & copy of documentation which you will see in attached letter from the United States Attorney's office they said they thought they were backdated although they never called the person who notarized the documents to verify date and time of transaction even though I provided name and phone number. So in fact they never considered this a bona fide transaction as it should have been. Also I have never given them an original signed release saying that I have given up my claim on this tractor. However, due to the ~~contents~~ contents of this letter it looks like to me they were

Next Page

GOVERNMENT'S EXHIBIT C

Trying to influence the testimony of a witness in a federal case. This cannot be legal or ethical in any federal court in this country. I have heard you are a straight up Judge and will not allow thing like this to go on in your courtroom. I think the U.S. Attorney's were overzealous in their prosecution in the case and if you read this letter sent to her counsel you will will see that they had no grounds to support their opinions. So to cut this letter short. I would like to have my twelve-tow Returned plus expenses, and I would like you to declare a mistrial in Deb's case due to intimidation & threats made to Mrs. Raspen to influence her testimony in a federal case. I wanted to talk to you first and see if you will give this the attention it deserves. If you cannot please direct me to the right office. Or I will just wing it on my own. Thanks Alot for your time

Bill [signature]



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, Connecticut 06510

(203) 821-3700
Fax (203) 773-5376
www.usdoj.gov/usao/ct

October 29, 2004

**BY FAX and U.S. MAIL**
(203) 368-3244

William Bloss, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

      Re:   <u>United States v. Deborah Kerpen</u>
             Criminal No. 3:02CR230(SRU)

Dear Bill:

      Based on a telephone conversation yesterday afternoon between Bill Nation and Dave Sullivan, it appears that Ms. Kerpen was unaware that she is scheduled to be deposed *before* her sentencing. Dave told Mr. Nation to tell her to call you.

      The deposition is scheduled for November 4, 2004, which is the day before sentencing. We hope that Ms. Kerpen's testimony will cast some light on Mr. Nation's claim that he is the lawful owner of a tractor that he allegedly purchased from her before it was seized. Mr. Nation has filed a claim as part of the civil forfeiture action. Given the nature of the relationship between Ms. Kerpen and Mr. Nation, any transfer of property from Ms. Kerpen to Mr. Nation during the period of time in question, if it even occurred, would not have been an arms-length transaction. His claim appears manifestly fraudulent (among other things, the documentation for the alleged transaction appears to have been backdated). In sum, Mr. Nation is not a bona fide purchaser of the tractor and has no legitimate claim to that asset. If Ms. Kerpen testifies that this was an arms-length transaction, we will consider that to be a false statement and an obstruction of justice.

      If we are missing something, please let me know; I have an open mind and would welcome additional information. However, this has been going on for months and neither Mr. Nation nor Ms. Kerpen has provided us with any evidence that would suggest that my characterization of this transaction is mistaken. If Ms. Kerpen does not testify truthfully in her deposition (or if she does not appear for her deposition), then the Government will not recommend a downward adjustment for acceptance of responsibility, nor will the Government

William Bloss, Esquire
Page 2

October 29, 2004

stand silent with respect to Ms. Kerpen's motion for a downward departure. I expect to file a memorandum in aid of sentencing next week, and may have to include this issue.

As I have previously told you, I would prefer to give Ms. Kerpen the full benefit of the bargain, as set forth in the plea agreement. If she lies in her deposition, however, then she may be subject to the more severe penalties associated with a higher offense level.

Regardless of whether Mr. Nation withdraws his claim, the deposition will proceed as planned so that Ms. Kerpen can be questioned with respect to other claims against the seized assets. Please call me if you have any questions. Thank you.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JOHN A. MARRELLA
ASSISTANT UNITED STATES ATTORNEY

Judge Underhill
By looking at this letter it looks like to me that the U.S. Attorney's office didn't care what the truth was it wasn't. Like what they said that it was false and they would take a harder stance. If this is not threatening or intimidating the the testimony of a witness. I wish you would tell me what is?
Thanks
Bell Nat