Page 1

To Judge Dorsey
From William H Nation

Judge,

This is the second letter I have written. The first one I sent to Judge Underhill in Bridgeport Ct. the 1st of January. They (Judge Underhill and U.S. Attorney David Sullivan) called me on February 23 2005 at 10:45 am. After explaining to Judge Underhill the situation he said I should contact you since this was in a different court. Enclosed is a copy of a letter sent to Mr Bloss and Deb Kerper before we were set to do depositions. I do not think that a U.S. Attorney can threaten people in order to get them to testify the way they think they should. After receiving this letter Debbie became very upset and per my telephone conversations with David Sullivan and Bill Bloss they both told me that if Debbie stated that this was an arms length transaction they it would hurt her at sentencing in Judge Underhill's court. So due to

next page

Page 2

to their Arguments I faxed David Sullivan a copy releasing my claim on tractor & expenses to keep them from as they say to be silent at sentencing. He said he would mail me a original hard copy to be sent back to him which I have not done and will not ever do. Mr. Sullivan has stated several times and again yesterday they he thought the paperwork had been backdated. Judge Dorsey I have sent you & him both copies of Bill of Sale and Shipping Receipt where I purchased tractor from Deb Kappa. I also provided Notary's Name and phone #. They never contacted her as to date to verify my Bill of Sale and they are not going to because they know my claim is legitamate and they don't want to be proved wrong. In the letter they sent to Ms Kappa they said if she stated anything other than this was not a Arms Length Transaction they would consider her testimony to be false and therefore would not be silent during sentencing or motion for Downward Departure

Case 3:01-cv-02090-PCD   Document 45   Filed 12/19/2005   Page 3 of 16

Page 3.

It seems to me a deposition is done to find the truth whether it was in my favor or theirs. Right is right and wrong is wrong. I also do not believe that sending a letter to a defendant before a deposition threatning them to testify in certain matter is legal, moral or ethical in a United States courtroom. The matter of the tractor was between me the owner and the U.S. Attorneys office. And should not have had anything to do with Mrs. Kerpens sentencing. She should have been able to testify truthfully at deposition with no form of recourse from the U.S. Attorneys office. Mr. Sullivan said we were trying to hide her assetts. However Judge Dorsey if we were trying to do that we would not have picked out the least expensive piece of property to do so. I've been told you are honorable strait forward Judge and I don't think you would approve or condone these practices in your courtroom. So I would like to reinstate my claim on John Deere Tractor & expenses

incurred during the years of seizure that have been going on. And since DAVID Sullivan does not have a original signed document from me I don't think the FAXed copy should stand since we were under DURESS from the U.S. Attorneys office to do this ANYWAY. I would greatly appreciate your help in this matter and you can reach me at 502-396-2025 cell phone or 502-371-3710 office or 502-538-9649

Your help would be greatly appreciated
Thank
[signature]



U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, Connecticut 06510

(203) 821-3700
Fax (203) 773-5376
www.usdoj.gov/usao/ct

October 29, 2004

**BY FAX and U.S. MAIL**
(203) 368-3244

William Bloss, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

      Re:    **United States v. Deborah Kerpen**
              Criminal No. 3:02CR230(SRU)

Dear Bill:

    Based on a telephone conversation yesterday afternoon between Bill Nation and Dave Sullivan, it appears that Ms. Kerpen was unaware that she is scheduled to be deposed *before* her sentencing. Dave told Mr. Nation to tell her to call you.

    The deposition is scheduled for November 4, 2004, which is the day before sentencing. We hope that Ms. Kerpen's testimony will cast some light on Mr. Nation's claim that he is the lawful owner of a tractor that he allegedly purchased from her before it was seized. Mr. Nation has filed a claim as part of the civil forfeiture action. Given the nature of the relationship between Ms. Kerpen and Mr. Nation, any transfer of property from Ms. Kerpen to Mr. Nation during the period of time in question, if it even occurred, would not have been an arms-length transaction. His claim appears manifestly fraudulent (among other things, the documentation for the alleged transaction appears to have been backdated). In sum, Mr. Nation is not a bona fide purchaser of the tractor and has no legitimate claim to that asset. If Ms. Kerpen testifies that this was an arms-length transaction, we will consider that to be a false statement and an obstruction of justice.

    If we are missing something, please let me know; I have an open mind and would welcome additional information. However, this has been going on for months and neither Mr. Nation nor Ms. Kerpen has provided us with any evidence that would suggest that my characterization of this transaction is mistaken. If Ms. Kerpen does not testify truthfully in her deposition (or if she does not appear for her deposition), then the Government will not recommend a downward adjustment for acceptance of responsibility, nor will the Government

William Bloss, Esquire
Page 2

October 29, 2004

stand silent with respect to Ms. Kerpen's motion for a downward departure. I expect to file a memorandum in aid of sentencing next week, and may have to include this issue.

As I have previously told you, I would prefer to give Ms. Kerpen the full benefit of the bargain, as set forth in the plea agreement. If she lies in her deposition, however, then she may be subject to the more severe penalties associated with a higher offense level.

Regardless of whether Mr. Nation withdraws his claim, the deposition will proceed as planned so that Ms. Kerpen can be questioned with respect to other claims against the seized assets. Please call me if you have any questions. Thank you.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JOHN A. MARRELLA
ASSISTANT UNITED STATES ATTORNEY

# BILL OF SALE  *Copy of original*

This is a selling agreement between Deb Kerpen and Bill Nation that for the sum of $11,000.00 Dollars. Bill Nation will purchase 1998 John Deere tractor model 870. on 01-10-01 to be paid as described below $5000.00 cash and $6,000.00 to be taken off of board of care of horses and rent of utilites from 9-16-2000 to 03-16-2001. Mrs Kerpen will be paid in full for rent and board until 03-15-2001. We Bill Nation and Deb Kerpen agree to these terms and this sale and there are no liens or monies owed on this at this time. Signatures below will finalize this deal.

BUYER _[signature]_ 1-10-01

SELLER _D. C. Kerpen_

NOTARY _Nancy Wells_ 1-10-01
Ends 3-17-2002
Phone # 502-500-6874

Bill Collins Ford
4220 BARDSTOWN ROAD
LOUISVILLE, KENTUCKY 40218

1998 - 870 -
John Deere Tractor
1-10-01


# JOHN DEERE CREDIT

| 4138 DEALER | 26 JUN 01 CONTRACT DATE | CO-DEBTORS OR CONTACT | *Expenses for Replacement Trac Cor* |

This is to advise that your Loan Contract described herein has been accepted by John Deere or that your Retail Installment Contract described herein has been assigned to John Deere by your John Deere Dealer. The contract has been assigned the number shown below. Payments should be made in accordance with invoices to be furnished to you.

NATION           WILLIAM H
403 OAK RIDGE DR
MT WASHINGTON   KY  40065

**SECURITY**

| QTY. | MFC. | MODEL | N/U | DESC. | SERIAL NUMBER |
|---|---|---|---|---|---|
| 01 | JD | 4500 | N | CUTT | P452479 |
| 01 | JD | 460  | N | LOAD | X016457 |

FIXED RATE

LOAN CONTRACT OR RETAIL INSTALLMENT CONTRACT NUMBER: 401942616AA
PLEASE DIRECT ANY QUESTIONS TO:

| | | JOHN DEERE CREDIT |
|---|---|---|
| CASH PRICE | 22000 00 | P.O. BOX 6600 |
| CASH DOWN PAYMENT | 4380 00 | JOHNSTON IA  50131-6600 |
| TRADE-IN | | |
| OFFICIAL FEES | 242 00 | |
| INSURANCE PREMIUM | 2237 74 | INS EFFECTIVE DATE: 26 JUN 01   INS EXPIRATION DATE: 01 JUL 06 |
| AMOUNT FINANCED | 18085 74 | FINANCE CHARGE BEGINS 01 JUL 01 |
| FINANCE CHARGE | 2843 38 | INFOVOICE 1-800-325-0219   CUST SERV 1-800-275-5322 |
| TOTAL PAYMENTS | 20929 12 | YOUR PAYMENTS ARE DUE ON THE 01 DAY OF THE MONTH |

| MO | YR | AMOUNT | MO | YR | AMOUNT | MO | YR | AMOUNT | MO | YR | AMOUNT | MO | YR | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08 | 01 | 348 80 | 08 | 02 | 348 80 | 08 | 03 | 348 80 | 08 | 04 | 348 80 | 08 | 05 | 348 80 |
| 09 | 01 | 348 80 | 09 | 02 | 348 80 | 09 | 03 | 348 80 | 09 | 04 | 348 80 | 09 | 05 | 348 80 |
| 10 | 01 | 348 80 | 10 | 02 | 348 80 | 10 | 03 | 348 80 | 10 | 04 | 348 80 | 10 | 05 | 348 80 |
| 11 | 01 | 348 80 | 11 | 02 | 348 80 | 11 | 03 | 348 80 | 11 | 04 | 348 80 | 11 | 05 | 348 80 |
| 12 | 01 | 348 80 | 12 | 02 | 348 80 | 12 | 03 | 348 80 | 12 | 04 | 348 80 | 12 | 05 | 348 80 |
| 01 | 02 | 348 80 | 01 | 03 | 348 80 | 01 | 04 | 348 80 | 01 | 05 | 348 80 | 01 | 06 | 348 80 |
| 02 | 02 | 348 80 | 02 | 03 | 348 80 | 02 | 04 | 348 80 | 02 | 05 | 348 80 | 02 | 06 | 348 80 |
| 03 | 02 | 348 80 | 03 | 03 | 348 80 | 03 | 04 | 348 80 | 03 | 05 | 348 80 | 03 | 06 | 348 80 |
| 04 | 02 | 348 80 | 04 | 03 | 348 80 | 04 | 04 | 348 80 | 04 | 05 | 348 80 | 04 | 06 | 348 80 |
| 05 | 02 | 348 80 | 05 | 03 | 348 80 | 05 | 04 | 348 80 | 05 | 05 | 348 80 | 05 | 06 | 348 80 |
| 06 | 02 | 348 80 | 06 | 03 | 348 80 | 06 | 04 | 348 80 | 06 | 05 | 348 80 | 06 | 06 | 348 80 |
| 07 | 02 | 348 80 | 07 | 03 | 348 80 | 07 | 04 | 348 80 | 07 | 05 | 348 80 | 07 | 06 | 349 92 |

\* MAIL PAYMT TO: JOHN DEERE CREDIT, DEPT # 77039, P.O. BOX 77000, DETROIT, MI 48277-0039

---

## SENTRY SELECT INSURANCE COMPANY

### CERTIFICATE OF ULTRAGARD PHYSICAL DAMAGE INSURANCE

#### UltraGard: The Ultimate in Physical Damage Protection!

This certifies that, if an amount is shown above as "INSURANCE PREMIUM", the equipment for which Deere Credit Inc., Deere & Company, or John Deere Construction Equipment Company (JDC) holds the borrower's, purchaser's, or lessee's (the certificate holder's) contract, with the number shown above, is insured under a policy of physical damage insurance issued by SENTRY SELECT INSURANCE COMPANY, Moline Illinois insuring JDC's interest, the John Deere dealer's interest and the certificate holder's interest except as provided elsewhere in this certificate, in covered property. The insurance shall begin on the earlier of the "INS EFFECTIVE DATE" above or date certificate holder takes possession of the covered property and shall terminate, without additional notice when the first of the following occur: (1) Certificate holder's indebtedness to JDC is discharged (unless certificate holder continues voluntary payments, acceptable to JDC and us outside bankruptcy) or early termination of the lease agreement; (2) JDC's security interest in covered property terminates; (3) JDC or JDC's designee repossesses covered property; (4) A judgment is entered against the certificate holder on the certificate holder's debt or lease, in favor of JDC, its assigns or successors; or (5) the "INS EXPIRATION DATE" shown in the note or lease acceptance form.

This certificate is not a contract of insurance, and JDC is not acting as an insurer. The rights of the certificate holder are described in the certificate and based on the policy indicated above issued by SENTRY SELECT INSURANCE COMPANY (we, us or our). Certificate holder may request from us, in writing, a copy of the policy on which this certificate is based from us. In the case of loss or damage to covered equipment from a covered cause of loss, the certificate holder must notify SENTRY SELECT INSURANCE COMPANY as soon as practicable by calling toll free (800) 635-3377. Certificate holder will cooperate with SENTRY SELECT INSURANCE COMPANY and comply with all Loss Conditions, including filing a completed sworn Proof of Loss within 60 days of our request. Failure to do so will void coverage for the certificate holder's interest in the damaged covered property under this policy.

**SEE POLICY TERMS ON REVERSE SIDE.**

AH-99R STOCK (29Apr01) PRINTED IN U.S.A.                    ULT001 (0401) page 1 of 2

Julie G. Turbert

Ms. Turbert

Enclosed is copy of original Bill of Sale on John Deere Tractor that I purchased from Mrs Kerpen also a copy of original Envelope and a copy of the shipping Receipt where the Tractor was shipped to Me. I am also claiming 348.80 a month for every month you have kept my tractor since you seized it. I had to purchase another Tractor to continue my farming operations. My bill of sale is legitimate and signed & notorized by state certified notary who witnessed both signatures and transaction. This is the same copy I originally sent to you folks in 2001. So I am expecting to receive possession of my tractor & front end loader

502-516-2025 cell
502-371-3710 off.   ORIGINAL
502-538-9649 Home   Letter of claim

plus a check for 12,556.80 to cover the payments for 36 months on the $ Replacement Tractor plus the $4,000 that I had to put down to purchase that Tractor. I Don't think I should be Responsible for your dept. mistakes. I provided proof of ownership at the time the property was seized and your dept. ignored it. So I should not have been subject to these expenses due to I.R.S. mistakes. I am enclosing telephone number for Mrs Wells who Notarized and witnessed my Bill of Sale on said Tractor. So I am Filing a claim to have my Tractor & Front end Loader Returned plus $16,555.80 for cost of a Replacement tractor. While you'all kept my Tractor illegally. Your help in Resolving this matter will be greatly Appreciated.

Thanks Alot

[signature]

P.S. I hope we can Resolve this matter between us I will also be asking my attorney I have to get an attorney for his expenses to to be paid by your money. Thanks Alot

I should

(1)

United States District Court
United States of America
Civil No. 3:01CV2090 (PCD)

U.S. District Ct.

1) I William Nation make a motion to move Not to be found in Default on claim of John Deere Tractor

A) Because the U.S. Attorney's office has not shown proof this transaction was Not A Armslength Deal.

B.) U.S. Attorney's office has not proven that any paperwork was Backdated or was not Legal & Binding

C.) Neglected to verify documents at time of seizure, Resulting in Added expenses for William Nation

D) U.S. Attorney's office has dragged this out for Four plus years trying to get William Nation found in Default. So they could keep his property. Done Thru the paperwork shuttle

Continued
Next Page

②

United States District Court
United States of America
Civil No. 3:01CV2090 (PCD)

U.S. Attorney's office

E) Waited till sentencing date to use said property as leverage with regards to sentencing of Ms. Kerpen.

F) U.S. Attorney's office Never contacted Notary who witnessed Transaction even when phone number was furnished.

see F page 3

G) U.S. Attorney office verbally told William Nation to give up said property in regards to helping Ms Kerpen which should not have been an issue. This matter was between U.S. Attorneys office and William Nation.

2.) I William Nation move to make a motion that my property John Deere Tractor w/loader be returned to me within 30 day's from the motion. Due to U.S. Attorneys office failure to disprove claim.

3.) I William Nation move that the U.S. Attorney's office reimburse me for expenses for Replacement Tractor Mr Nation had to purchase while U.S. Attorney's office dragged their case out. Expenses are as follows.

continued page 3

3

United State District Ct.
United States of America
Civil No. 3:01CV2090 (PCD)

3) $4,000.00 Downpayment plus $348.80 x every month you have kept said Tractor so far it is 50 months.

cont from page 2.

F.U.S. Attorneys office did Not take depositions on said Property Case till four years after seizure Depriving MR Nation of Due & Speedy process in the hearings.

Yours truly
William H Nation
Representing Himself.

Exhibit AA

Civil No 3:01CV2090 (9)

## BILL OF SALE  (PCD)

This is a selling agreement between Deb Kerpen and Bill Nation that for the sum of $11,000.00 Dollars. Bill Nation will purchase 1998 John Deere tractor model 870. on 01-10-01 to be paid as described below $5000.00 cash and $6,000.00 to be taken off of board of care of horses and rent of utilites from 9-16-2000 to 03-16-2001. Mrs Kerpen will be paid in full for rent and board until 03-15-2001. We Bill Nation and Deb Kerpen agree to these terms and this sale and there are no liens or monies owed on this at this time. Signatures below will finalize this deal.

BUYER _[signature]_ 1-10-01

SELLER _D. C. Kerpen_

NOTARY _Nancy Wells_  1-10-01

Ends 3-17-2002

Phone 502-500-6874



# JOHN DEERE CREDIT

Exh. b it /5/5

Civil No 3:01CV2090 (PCD)

| 4138 DEALER | 26 JUN 01 CONTRACT DATE | CO-DEBTORS OR CONTACT |

This is to advise that your Loan Contract described herein has been accepted by John Deere or that your Retail Installment Contract described herein has been assigned to John Deere by your John Deere Dealer. The contract has been assigned the number shown below. Payments should be made in accordance with invoices to be furnished to you.

NATION    WILLIAM H
403 OAK RIDGE DR
MT WASHINGTON   KY   40065

**FIXED RATE**

LOAN CONTRACT OR RETAIL INSTALLMENT CONTRACT NUMBER: 401942616AA
PLEASE DIRECT ANY QUESTIONS TO: JOHN DEERE CREDIT
P.O. BOX 6600
JOHNSTON IA 50131-6600

| | |
|---|---|
| CASH PRICE | 22___.00 |
| CASH DOWN PAYMENT | 4___.00 |
| TRADE-IN | |
| OFFICIAL FEES | .00 |
| INSURANCE PREMIUM | ___.74 |
| AMOUNT FINANCED | 18___.74 |
| FINANCE CHARGE | 2___.38 |
| TOTAL PAYMENTS | 20___.12 |

| INS EFFECTIVE DATE | INS EXPIRATION DATE |
|---|---|
| 26 JUN 01 | 01 JUL 06 |

FINANCE CHARGE BEGINS 01 JUL 01
INFOVOICE 1-800-325-0219  CUST SERV 1-800-275-5322
YOUR PAYMENTS ARE DUE ON THE 01 DAY OF THE MONTH

SECURITY
| QTY | MFG | MODEL | H/C | DESC | SERIAL NUMBER |
|---|---|---|---|---|---|
| 1 | JD | 4500 | | NCUTT | P452479 |
| 1 | JD | 460 | | NLOA | DX016457 |

| MO | YR | AMOUNT | MO | YR | AMOUNT | MO | YR | AMOUNT | MO | YR | AMOUNT | MO | YR | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08 | | 348 | 08 | | 348 | 08 | | 348 | 08 | | 348 | 08 | | 348 |
| 09 | | 348 | 09 | | 348 | 09 | | 348 | 09 | | 348 | 09 | | 348 |
| 10 | | 348 | 10 | | 348 | 10 | | 348 | 10 | | 348 | 10 | | 348 |
| 11 | | 348 | 11 | | 348 | 11 | | 348 | 11 | | 348 | 11 | | 348 |
| 12 | | 348 | 12 | | 348 | 12 | | 348 | 12 | | 348 | 12 | | 348 |
| 01 | | 348 | 01 | | 348 | 01 | | 348 | 01 | | 348 | 01 | | 348 |
| 02 | | 348 | 02 | | 348 | 02 | | 348 | 02 | | 348 | 02 | | 348 |
| 03 | | 348 | 03 | | 348 | 03 | | 348 | 03 | | 348 | 03 | | 348 |
| 04 | | 348 | 04 | | 348 | 04 | | 348 | 04 | | 348 | 04 | | 348 |
| 05 | | 348 | 05 | | 348 | 05 | | 348 | 05 | | 348 | 05 | | 348 |
| 06 | | 348 | 06 | | 348 | 06 | | 348 | 06 | | 348 | 06 | | 348 |
| 07 | | 348 | 07 | | 348 | 07 | | 348 | 07 | | 348 | 07 | | 349 |

* MAIL PAYMT TO: JOHN DEERE CREDIT, DEPT # 77039, P.O. BOX 77000, DETROIT, MI 48277-0039

---

## SENTRY SELECT INSURANCE COMPANY

### CERTIFICATE OF ULTRAGARD PHYSICAL DAMAGE INSURANCE

*UltraGard: The Ultimate in Physical Damage Protection!*

This certifies that, if an amount is shown above as "INSURANCE PREMIUM", the equipment for which Deere Credit Inc., Deere & Company, or John Deere Construction Equipment Company (JDC) holds the borrower's, purchaser's, or lessee's (the certificate holder's) contract, with the number shown above, is insured under a policy of physical damage insurance issued by SENTRY SELECT INSURANCE COMPANY, Moline Illinois insuring JDC's interest, the John Deere dealer's interest and the certificate holder's interest except as provided elsewhere in this certificate, in covered property. The insurance shall begin on the earlier of the "INS EFFECTIVE DATE" above or date certificate holder takes possession of the covered property and shall terminate, without additional notice when the first of the following occur: (1) Certificate holder's indebtedness to JDC is discharged (unless certificate holder continues voluntary payments, acceptable to JDC and us outside bankruptcy) or early termination of the lease agreement; (2) JDC's security interest in covered property terminates; (3) JDC or JDC's designee repossesses covered property; (4) A judgment is entered against the certificate holder on the certificate holder's debt or lease, in favor of JDC, its assigns or successors; or (5) the "INS EXPIRATION DATE" shown in the note or lease acceptance form.

This certificate is not a contract of insurance, and JDC is not acting as an insurer. The rights of the certificate holder are described in the certificate and based on the policy indicated above issued by SENTRY SELECT INSURANCE COMPANY (we, us or our). Certificate holder may request from us, in writing, a copy of the policy on which this certificate is based from us. In the case of loss or damage to covered equipment from a covered cause of loss, the certificate holder must notify SENTRY SELECT INSURANCE COMPANY as soon as practicable by calling toll free (800) 635-3377. Certificate holder will cooperate with SENTRY SELECT INSURANCE COMPANY and comply with all Loss Conditions, including filing a completed sworn Proof of Loss within 60 days of our request. Failure to do so will void coverage for the certificate holder's interest in the damaged covered property under this policy.
**SEE POLICY TERMS ON REVERSE SIDE.**