# UNITED STATES DISTRICT COURT
# UNITED STATES OF AMERICA

U.S. District Court                               Civil Number: 3:01-cv-2090(PCD)   FILED

2006 APR -5  A 11: 46

U.S. DISTRICT COURT
NEW HAVEN, CT

1. I, William Nation, make a motion to move that I not be found in default on claim of John Deere Tractor based on the following:

   A.) That the U.S. Attorney's office has not shown proof this transaction was not an Arms Length deal.

   B.) That the U.S. Attorney's office has not proven that any paperwork was backdated or was not legal and binding.

   C.) That the U.S. Attorney's office neglected to verify documents at time of service. Resulting in assed expenses for William Nation.

   D.) That the U.S. Attorney's office has dragged this out for four plus years trying to get William Nation found in default so they could keep his property. This was done thru the paperwork shuttle of the U.S. Attorney's office.

   E.) That the U.S. Attorney's Office waited till sentencing date to use said property as leverage with regards to sentencing of Ms. Kerpen.

   F.) That the U.S. Attorney's office never contacted notary who witnessed transaction even when phone number was furnished.

   G.) That the U.S. Attorney office verbally told William Nation to give up said property in regards to helping Ms. Kerpen which should not have been an issue. This matter was between U.S. Attorney's office and William Nation.

   H.) That the U.S. Attorney's office did not take deposition on said property case until four years after seizure. This deprived me, Mr. Nation, of due and speedy process in the hearings.

2. I, William Nation, move to make a motion that my property, John Deere tractor w/loaded, be returned to me within 30 days from the motion. Due to U.S. Attorney's office failure to disprove claim.

3. William Nation, move that the U.S. Attorney's office reimburse me for expenses for replacement tractor. I, William Nation, had to purchase a tractor while U.S. Attorney's office dragged their case out. Expenses are as follow: $4000.00 down payment plus $348.80 every month you have kept said tractor, so far it has been 50 months.

William H. Nation
Pro. Se.
403 Oakridge Drive
Mt. Washington, KY 40047

Exhibit AA

4

# BILL OF SALE

This is a selling agreement between Deb Kerpen and Bill Nation that for the sum of $11,000.00 Dollars. Bill Nation will purchase 1998 John Deere tractor model 870. on 01-10-01 to be paid as described below $5000.00 cash and $6,000.00 to be taken off of board of care of horses and rent of utilites from 9-16-2000 to 03-16-2001. Mrs Kerpen will be paid in full for rent and board until 03-15-2001. We Bill Nation and Deb Kerpen agree to these terms and this sale and there are no liens or monies owed on this at this time. Signatures below will finalize this deal.

BUYER _[signature]_ 1-10-01

SELLER _[signature]_

NOTARY _Nancy Wells_ 1-10-01
Ends 3-17-2002
Phone 502-500-6874



**JOHN DEERE CREDIT**

Exh. 6 it /5/5

| CO-DEBTORS OR CONTACT | |

| 4138 DEALER | 26 JUN 01 CONTRACT DATE |

This is to advise that your Loan Contract described herein has been accepted by John Deere or that your Retail Installment Contract described herein has been assigned to John Deere by your John Deere Dealer. The contract has been assigned the number shown below. Payments should be made in accordance with invoices to be furnished to you.

NATION       WILLIAM H
403 OAK RIDGE DR
MT WASHINGTON   KY  40065

**FIXED RATE**

LOAN CONTRACT OR RETAIL INSTALLMENT CONTRACT NUMBER: **401942616AA**

PLEASE DIRECT ANY QUESTIONS TO:  JOHN DEERE CREDIT
P.O. BOX 6600
JOHNSTON IA  50131-6600

| | |
|---|---|
| CASH PRICE | 22,___.00 |
| CASH DOWN PAYMENT | 4,___.00 |
| TRADE-IN | |
| OFFICIAL FEES | .00 |
| INSURANCE PREMIUM | ___.74 |
| AMOUNT FINANCED | 18,___.74 |
| FINANCE CHARGE | 2,___.38 |
| TOTAL PAYMENTS | 20,___.12 |

| INS EFFECTIVE DATE | INS EXPIRATION DATE |
|---|---|
| 26 JUN 01 | 01 JUL 06 |

FINANCE CHARGE BEGINS  01 JUL 01

INFOVOICE 1-800-325-0219   CUST SERV 1-800-275-5322

YOUR PAYMENTS ARE DUE ON THE [01] DAY OF THE MONTH

**SECURITY**

| QTY. | MFG. | MODEL | N/U | DESC. | SERIAL NUMBER |
|---|---|---|---|---|---|
| 01 | JD | 4500 | N | CUTT | P452479 |
| 01 | JD | 460 | N | LOAD | X016457 |

Payment Schedule (all payments 348.__):

| MO | YR | AMOUNT | MO | YR | AMOUNT | MO | YR | AMOUNT | MO | YR | AMOUNT | MO | YR | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08 | 01 | 348 | 08 | 02 | 348 | 08 | 03 | 348 | 08 | 04 | 348 | 08 | 05 | 348 |
| 09 | 01 | 348 | 09 | 02 | 348 | 09 | 03 | 348 | 09 | 04 | 348 | 09 | 05 | 348 |
| 10 | 01 | 348 | 10 | 02 | 348 | 10 | 03 | 348 | 10 | 04 | 348 | 10 | 05 | 348 |
| 11 | 01 | 348 | 11 | 02 | 348 | 11 | 03 | 348 | 11 | 04 | 348 | 11 | 05 | 348 |
| 12 | 01 | 348 | 12 | 02 | 348 | 12 | 03 | 348 | 12 | 04 | 348 | 12 | 05 | 348 |
| 01 | 02 | 348 | 01 | 03 | 348 | 01 | 04 | 348 | 01 | 05 | 348 | 01 | 06 | 348 |
| 02 | 02 | 348 | 02 | 03 | 348 | 02 | 04 | 348 | 02 | 05 | 348 | 02 | 06 | 348 |
| 03 | 02 | 348 | 03 | 03 | 348 | 03 | 04 | 348 | 03 | 05 | 348 | 03 | 06 | 348 |
| 04 | 02 | 348 | 04 | 03 | 348 | 04 | 04 | 348 | 04 | 05 | 348 | 04 | 06 | 348 |
| 05 | 02 | 348 | 05 | 03 | 348 | 05 | 04 | 348 | 05 | 05 | 348 | 05 | 06 | 348 |
| 06 | 02 | 348 | 06 | 03 | 348 | 06 | 04 | 348 | 06 | 05 | 348 | 06 | 06 | 348 |
| 07 | 02 | 348 | 07 | 03 | 348 | 07 | 04 | 348 | 07 | 05 | 348 | 07 | 06 | 349 |

* MAIL PAYMT TO: JOHN DEERE CREDIT, DEPT # 77039, P.O. BOX 77000, DETROIT, MI 48277-0039

---

## SENTRY SELECT INSURANCE COMPANY

### CERTIFICATE OF ULTRAGARD PHYSICAL DAMAGE INSURANCE

#### UltraGard: The Ultimate in Physical Damage Protection!

This certifies that, if an amount is shown above as "INSURANCE PREMIUM", the equipment for which Deere Credit Inc., Deere & Company, or John Deere Construction Equipment Company (JDC) holds the borrower's, purchaser's, or lessee's (the certificate holder's) contract, with the number shown above, is insured under a policy of physical damage insurance issued by SENTRY SELECT INSURANCE COMPANY, Moline Illinois insuring JDC's interest, the John Deere dealer's interest and the certificate holder's interest except as provided elsewhere in this certificate, in covered property. The insurance shall begin on the earlier of the "INS EFFECTIVE DATE" above or date certificate holder takes possession of the covered property, and shall terminate, without additional notice when the first of the following occur: (1) Certificate holder's indebtedness to JDC is discharged (unless certificate holder continues voluntary payments, acceptable to JDC and us outside bankruptcy) or early termination of the lease agreement; (2) JDC's security interest in covered property terminates; (3) JDC or JDC's designee repossesses covered property; (4) A judgment is entered against the certificate holder on the certificate holder's debt or lease, in favor of JDC, its assigns or successors; or (5) "INS EXPIRATION DATE" shown in the note or lease acceptance form.

This certificate is not a contract of insurance, and JDC is not acting as an insurer. The rights of the certificate holder are described in the certificate and based on the policy indicated above issued by SENTRY SELECT INSURANCE COMPANY (we, us or our). Certificate holder may request from us, in writing, a copy of the policy on which this certificate is based from us. In the case of loss or damage to covered equipment from a covered cause of loss, the certificate holder must notify SENTRY SELECT INSURANCE COMPANY as soon as practicable by calling toll free (800) 635-3377. Certificate holder will cooperate with SENTRY SELECT INSURANCE COMPANY and comply with all Loss Conditions, including filing a completed sworn Proof of Loss within 60 days of our request. Failure to do so will void coverage for the certificate holder's interest in the damaged covered property under this policy.

**SEE POLICY TERMS ON REVERSE SIDE.**



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*
*157 Church Street*
*P.O. Box 1824*
*New Haven, Connecticut 06510*

*(203) 821-3700*
*Fax (203) 773-5376*
*www.usdoj.gov/usao/ct*

October 29, 2004

**BY FAX and U.S. MAIL**
(203) 368-3244

William Bloss, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

Re:  <u>United States v. Deborah Kerpen</u>
     Criminal No. 3:02CR230(SRU)

Dear Bill:

Based on a telephone conversation yesterday afternoon between Bill Nation and Dave Sullivan, it appears that Ms. Kerpen was unaware that she is scheduled to be deposed *before* her sentencing. Dave told Mr. Nation to tell her to call you.

The deposition is scheduled for November 4, 2004, which is the day before sentencing. We hope that Ms. Kerpen's testimony will cast some light on Mr. Nation's claim that he is the lawful owner of a tractor that he allegedly purchased from her before it was seized. Mr. Nation has filed a claim as part of the civil forfeiture action. Given the nature of the relationship between Ms. Kerpen and Mr. Nation, any transfer of property from Ms. Kerpen to Mr. Nation during the period of time in question, if it even occurred, would not have been an arms-length transaction. His claim appears manifestly fraudulent (among other things, the documentation for the alleged transaction appears to have been backdated). In sum, Mr. Nation is not a bona fide purchaser of the tractor and has no legitimate claim to that asset. If Ms. Kerpen testifies that this was an arms-length transaction, we will consider that to be a false statement and an obstruction of justice.

If we are missing something, please let me know; I have an open mind and would welcome additional information. However, this has been going on for months and neither Mr. Nation nor Ms. Kerpen has provided us with any evidence that would suggest that my characterization of this transaction is mistaken. If Ms. Kerpen does not testify truthfully in her deposition (or if she does not appear for her deposition), then the Government will not recommend a downward adjustment for acceptance of responsibility, nor will the Government

*William Bloss, Esquire*　　　　　　　　　　　　　　　October 29, 2004
*Page 2*

stand silent with respect to Ms. Kerpen's motion for a downward departure. I expect to file a memorandum in aid of sentencing next week, and may have to include this issue.

As I have previously told you, I would prefer to give Ms. Kerpen the full benefit of the bargain, as set forth in the plea agreement. If she lies in her deposition, however, then she may be subject to the more severe penalties associated with a higher offense level.

Regardless of whether Mr. Nation withdraws his claim, the deposition will proceed as planned so that Ms. Kerpen can be questioned with respect to other claims against the seized assets. Please call me if you have any questions. Thank you.

　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　KEVIN J. O'CONNOR
　　　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY

　　　　　　　　　　　　　　　　　　　JOHN A. MARRELLA
　　　　　　　　　　　　　　　　　　　ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

U.S. District Court                                Civil Number: 3:01-cv-2090(PCD)

John B. Hughes
U.S. Attorney's Office-NH
157 Church St., 23rd Floor
P.O. Box 1824
New Haven, CT 06510

William M. Bloss
Koskoff, Koskoff, & Bieder, P.C.
350 Fairfield Ave.
Bridgeport, CT 06604

James J. Tancredi
Day, Berry, & Howard
Cityplace I, 185 Asylum Street
Hartford, CT 06103-3499

*[signature]*
Signature