UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : 3:01CV02090 (PCD) |
| (4) ONE 4 X 4 JOHN DEERE TRACTOR, MODEL 870, Ser. NO. M00870B170 | : : |
| WILLIAM NATION, Claimant | : |

RULING ON GOVERNMENT MOTION FOR JUDGMENT OF FORFEITURE

This action sought forfeiture, as fruits of an unlawful activity, after an arrest in rem, of the funds in several bank accounts, of several items of personal property and the captioned John Deere Tractor, a total of 20 items. All of the claims of forfeiture have been resolved after all potential claimants have been defaulted with the exception of the John Deere Tractor as to which a claim, as an innocent owner prior to its seizure, was filed, on March 30, 2004, by William Nation who claimed to be a purchaser for value of the tractor. To obtain information as to the lawful ownership of the tractor, the government noticed, on October 15, 2004, depositions of Mr. Nation and Deborah Kerpen, who had been involved in a social relationship. Mr. Nation did not appear to be deposed but withdrew his claim on November 4, 2004.

Mr. Nation now seeks to reestablish his claim. To do so he must contend with his withdrawal of the claim as to which he wrote to the court a letter filed on December 19, 2005. He notes that he wrote previously in January 2005 when he was instructed that his letter should be directed to the undersigned. His justification for avoidance of the withdrawal and consideration of the merits of his claim is that the withdrawal was prompted by what he regarded as a threat by the government in a letter to counsel for Ms. Kerpen, dated October 29, 2004. Ex. B. That letter simply noted Ms. Kerpen's prior statements that she was the owner of the tractor and indicated

the government's intention to treat any testimony to the contrary, i.e. in support of Mr. Nation's claim that he owned the tractor, as a possible basis for a charge of perjury. That letter would not constitute a basis for Mr. Nation's claim that his withdrawal of his claim was coerced. The letter was not directed to him nor did it threaten him. Whatever his relation was with Ms. Kerpen, as directed to her, his volunteering to avoid the purported threat would not justify his present claim to avoid the effect of his claim withdrawal. Further, the letter was not a threat. It merely flagged Ms. Kerpen's prior statement and the possible consequence of her contradicting it by testimony which was contrary to what she had said earlier. His claim of a threat is regarded as merely self-serving and a contrivance to aggrandize himself by acquiring the tractor by avoiding its forfeiture. The withdrawal of his claim is thus not excused and extinguishes his claim to the tractor.

If Mr. Nation were allowed to avoid his claim withdrawal, on its merits his claim to the tractor would be found to be without merit. When the tractor was seized Ms. Kerpen described it as hers. She paid for it to Deere Credit. See Ex. 1. She described Mr. Nation as the recipient of it as a gift. This was at odds with his claim of a bona fide purchase, see Ex. A, since she stated that there was no documentation such as the purported bill of sale. Mr. Nation claimed to have a Bill of Sale when the tractor was seized, but he did not then produce such as he offered to do. On February 25, 2004, Ms. Kerpen stipulated in court, when she pled to criminal charges, that as of that date she was the owner of the tractor. The court would find that Mr. Nation failed to prove his ownership of the tractor. The government is found to have proven the tractor's being subject to forfeiture as fruit of the proceeds from Ms. Kerpen unlawful business.

Accordingly Mr. Nation's claim is rejected and the governments' petition for forfeiture of the tractor is granted. Judgment of the tractor's forfeiture will enter .

SO ORDERED:

Dated at New Haven, Connecticut this 2nd day of June, 2006.

                                                        PETER C. DORSEY
                                           UNITED STATES DISTRICT JUDGE